## ADAM McARTHUR vs. MATILDA V. SOULE.

C. sold his interest in a canal boat, and took, in payment therefor, the note of the defendant, a married woman. The bill of sale of such interest was in the name of the defendant's son, as purchaser. The note was transferred to the plaintiff before suit brought thereon. *Held* that the bill of sale was conclusive evidence, between the parties to it, that the title to the boat was conveyed to the son, and it was evidence, between third parties, that the son was the purchaser. But that, as between the plaintiff—a stranger to the sale—and any of the parties to it, it was competent to show, by parol evidence, that, although the bill of sale was made to the son, the purchase was in fact made by the defendant.

On the trial, the judge, in his charge to the jury, said: "One fact in this case ought to be enough to dispose of it; that is, that this contract was in writing signed by the vendor himself, and the sale was in fact actually made to the young man, and, although an infant at the time the property vested in him. * * It would be one of the most unsafe things for the jury to do, to go out of the written contract, and be guided by evidence, unsatisfactory evidence, to set aside an agreement in writing," &c. *Held* that the charge misled the jury, not only as to the facts but as to the law. That it was substantially an instruction that the bill of sale was conclusive evidence that the defendant was not the purchaser of the boat.

The judge also charged that if the defendant was informed that she would be the purchaser, and would give the boat to her son, then she might be regarded as the beneficial purchaser. *Held* that this was also erroneous.

The general rule is that a verdict will not be set aside because the judge expresses an opinion, in his charge to the jury, upon the facts.

APPEAL by the plaintiff from a judgment entered on a verdict.

*By the Court*, MULLIN, J. Prior to the 3d of September, 1867, James Carlisle, a young man just come of age, and Smith Soule, a minor son of the defendant, owned a canal boat. They disagreed, and Carlisle proposed to sell his interest to his partner, but refused to take his note for the purchase money. Young Soule wrote to his father, informing him of the disagreement and proposition to sell. The father met them at Syracuse, and it was then agreed, as the plaintiff claims, that the boat should be sold to the defendant, and she should give her note for the price. The defendant claims

that the boat was sold to her son, and she gave her notes for his benefit. The notes were transferred to the plaintiff. Before he took them he called, as he claims, on the defendant and inquired whether the notes were all right, and she said they were. He then purchased and paid for them. This action was brought to recover the amount of one of the notes.

The questions of fact were submitted to the jury with proper instructions, with the exception of certain remarks of the judge, which probably misled the jury and produced the verdict sought to be set aside. The bill of sale of the boat was made in the name of the defendant's son.

The judge charged the jury as follows: "One fact in this case ought to be enough to dispose of it; that is, that this contract was in writing, signed by the vendor himself, and the sale was in fact actually made to the young man, and although an infant at the time the property vested in him. If the justice read that to him, it would be the height of presumption to suppose that he was so ignorant as not to understand that it conveyed the property to young Soule." Again he says: "It would be one of the most unsafe things for the jury to do, to go out of the written contract and be guided by evidence, unsatisfactory evidence, to set aside an agreement in writing which the parties entered into. If she was informed that she would be the purchaser and would give the boat to her son, then she might be regarded as the beneficial purchaser, in this case. I don't see, myself, exactly upon what evidence that proposition could be sustained." The first and second clauses of the charge were excepted to by the plaintiff's counsel.

It is impossible, it seems to me, to read this charge and not be satisfied that it was received by the jury as an instruction that the bill of sale was conclusive evidence that the son, and not the mother, was the purchaser of the boat.

The bill of sale was conclusive evidence, between the parties to it, that the title to the boat was conveyed to the son, and it was evidence between third parties that the son was the purchaser. But between the plaintiff, a stranger to the sale, and any of the parties to it, it was competent to show that although the bill of sale was made to the son, the purchase was in fact made by the defendant. (*Cowen & Hill's Notes,* 1436. *Overseers of the Poor of New Berlin* v. *Overseers of Norwich,* 10 *John.* 229.)

That the court intended to tell the jury that the bill of sale was almost, if not quite, conclusive evidence that the defendant's son was the purchaser, is shown by the second clause of the charge, above quoted, in which he warns them of the danger of going out of the writing and being guided by unsatisfactory evidence to set aside a written agreement.

The third clause of the charge above quoted, in which the jury are told that if the defendant was informed that she would be the purchaser, and would give the boat to her son, she might be regarded as the beneficial purchaser, was also erroneous.

The learned judge does not tell the jury whose duty it was to give the defendant this information. If she had given authority to her agent to purchase the boat, she needed no information as to the manner in which she might become the purchaser. If she did not give him any such authority, and did not ratify the purchase if one was made in her name, she could not be made liable as purchaser.

There is nothing in the clauses preceding or subsequent to those quoted, which does away with the impression that those clauses were calculated to, and doubtless did, make, on the mind of the juror.

The only clause of the charge that could be considered as having any such effect is the following: "It is to be regretted that the mother should not be made lia-

ble in this case." What is added to these words does not change the meaning of them. The learned judge did not mean to be understood as saying to the jury that it was a subject of regret that she was not made liable, if she was not in law liable. I suppose the judge's meaning was that it was to be regretted that the defendant could not be made liable on the notes, because she was a married woman, and they were not given on account of her separate estate.

The general rule is that a verdict will not be set aside because the judge expresses an opinion, in his charge to the jury, upon the facts. This is not such a case. The charge misled the jury, not only as to the facts but as to the law. It is substantially an instruction that the bill of sale was conclusive evidence that the defendant was not the purchaser of the boat.

The judgment must be reversed and a new trial ordered, costs to abide the event.

New trial granted.

[FOURTH DEPARTMENT, GENERAL TERM, at Buffalo, January 7, 1873. *Mullin, Talcott* and *E. D. Smith*, Justices.]